FILED
2017 Apr-17 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNIE WILL HARRIS, JR.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:16-cv-01646-RDP |
| } | |
| **JOHNSON'S GIANT FOODS, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on several pre-answer challenges to Plaintiff's Amended Complaint. The motions under submission include (1) Defendant Andy Gunter's Motion to Drop Parties, or in the Alternative, to Sever and Dismiss or to Transfer (Doc. # 15), (2) Defendant Jeffrey Hinkle's Motion to Dismiss (Doc. # 19), (3) Defendant Clark Thompson's Motion to Dismiss (Doc. # 27), (4) Defendant Scott Lowery's Motion to Dismiss (Doc. # 31), (5) Defendant JTM Corporation's Motion to Dismiss (Doc. # 50), and (6) Defendant Food Giant Supermarkets, Inc.'s ("Food Giant") Partial Motion to Dismiss (Doc. # 55). Plaintiff has responded to all of these motions. (Docs. # 34, 37, 52-53, 56, 58). Defendants have filed reply briefs supporting their motions. (Docs. # 45-47, 54, 59-60).

**I.     Procedural History and Facts**

Plaintiff's Amended Complaint presents claims against four individual Defendants and four corporate Defendants. (*See generally* Doc. # 44). These claims arise from four arrests that occurred from December 2014 to December 2015. (*See id.* at ¶¶ 14-39). The arrests occurred after employees from various stores filed complaints against Plaintiff for cashing forged payroll

checks.  (*See id.* at ¶¶ 15, 22, 27, 34-35).  But, Plaintiff alleges that unknown individuals acquired his personal information and unlawfully used his identity to cash counterfeit payroll checks.  (*Id.* at ¶ 1).  Additionally, Plaintiff insists that the corporate Defendants possessed video and fingerprint evidence that would have exonerated him, but they either destroyed the evidence or failed to use it to investigate the crimes.  (*Id.* at ¶¶ 7, 11-12).

    **A.    Etowah County Criminal Complaint Against Plaintiff**

In November 2014, an employee for Defendant Johnson's Giant Foods complained that Plaintiff had cashed a forged payroll check in October 2014.  (*Id.* at ¶ 16).  The payroll check was cashed at Johnson's Giant Foods #4 in Gadsden, Alabama.  (*Id.*).  The employee filed the complaint in the District Court of Etowah County.  (*Id.*).  Defendant Johnson's Giant Foods sought $1,244.46 in restitution from Plaintiff in December 2014.  (*Id.* at ¶ 18).

On December 18, 2014, Plaintiff was arrested in Hoover, Alabama and held in Hoover's city jail for 13 hours.  (*Id.* at ¶ 15).  Plaintiff then was transferred to a jail in Gadsden, Alabama, and released on a $2,500 appearance bond.  (*Id.*).  Defendant Thompson "investigated the case." (*Id.* at ¶ 19).  In June 2015, a grand jury in Etowah County issued an order of no bill, and the criminal case against Plaintiff was dismissed.  (*Id.*).

    **B.    Coffee County Criminal Complaint Against Plaintiff**

According to the Amended Complaint, an employee for Defendant Food Giant filed a complaint against Plaintiff for allegedly cashing forged checks at a Food Giant store in Elba, Alabama.  (*Id.* at ¶ 22).  Plaintiff denies presenting the check to the store.  (*Id.* at ¶ 23).  Indeed, Food Giant allegedly created a video of the incident that proves Plaintiff did not cash the check.  (*Id.* at ¶ 24).

Hoover police officers arrested Plaintiff at his residence in Hoover in October 2015 and transported him to a jail in Elba. (*Id.* at ¶ 22). Plaintiff posted a $2,000 appearance bond. (*Id.*). Plaintiff alleges that this arrest occurred due to "the actions of Andy Gunter." (*Id.*). A grand jury for a Coffee County state court issued a no bill in the criminal action. (*Id.* at ¶ 25).

### C. Franklin County Criminal Complaint Against Plaintiff

An employee for Defendant Gateway Foods, Inc. ("Gateway Foods") filed a complaint averring that Plaintiff cashed "two checks purportedly issued by the Coca Cola Bottling [Company]" at a Foodland grocery store in Russellville, Alabama. (*Id.* at ¶ 29). Defendant Lowery, a police officer for the City of Russellville, also signed the complaint. (*Id.* at ¶ 30). Plaintiff denies presenting the checks at the Foodland store. (*Id.* at ¶ 31).

In December 2015, police officers in Mountain Brook, Alabama arrested Plaintiff and held him at a Mountain Brook police station. (*Id.* at ¶ 27). Russellville police transported Plaintiff to Russellville's city jail, and Plaintiff was then transferred to the Franklin County Jail. (*Id.*). Plaintiff posted bond, but was held in Franklin County until sheriffs from Chambers County picked him up. (*Id.* at ¶ 28). A criminal case against Plaintiff in Franklin County was dismissed in March 2016. (*Id.* at ¶ 32).

### D. Chambers County Criminal Complaint Against Plaintiff

An employee for Defendant JTM Corporation filed a complaint against Plaintiff for allegedly cashing a forged check at a Piggly Wiggly grocery store in Lanett, Alabama. (*Id.* at ¶ 36). Plaintiff denies presenting the forged check and alleges that Defendant JTM possessed a video showing that someone else cashed the check. (*Id.* at ¶¶ 37-38).

In December 2015,[1] officers transported Plaintiff from the Franklin County Jail to a jail in Lanett, Alabama. (*Id.* at ¶ 34). Defendant Hinkle allegedly conducted an arrest of Plaintiff. (*Id.* at ¶ 35). Plaintiff posted an appearance bond of $5,000 in Chambers County. (*Id.* at ¶ 34). Ultimately, a criminal case against Plaintiff in Chambers County was dismissed in March 2016. (*Id.* at ¶ 39).

### E. Claims Against Defendants

Based on the incidents described above, Plaintiff alleges a variety of federal law and state law claims against all Defendants. First, Plaintiff claims that Defendants' actions "constitute false imprisonment, malicious prosecution, abuse of process, and negligence under Alabama law." (*Id.* at ¶ 6). Second, Plaintiff claims that an unspecified number of Defendants violated 42 U.S.C. §§ 1981 and 1983 because the arrests violated the Fourth Amendment. (*Id.* at ¶ 8). Third, Plaintiff claims that Defendants conspired to deprive him of his constitutional rights, in violation of 42 U.S.C. §§ 1985 and 1986. Finally, Plaintiff contends that Defendants' conduct violated provisions of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") because Defendants filed the complaints against Plaintiff as "an attempt to obtain payment for alleged debts[ ] or to extort money from [Plaintiff]." (*Id.* at ¶ 10).

## II. Standard of Review

The court "has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). If a plaintiff has misjoined parties to an action, the court may drop a party or sever any claim against a party on just terms. Fed. R. Civ. P. 21. "Although Rule 21 does not set forth a standard for proper joinder, courts have applied the permissive joinder requirements of Rule 20(a)." *Lozada v. City of Chicago*, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010). "A

---

[1] Plaintiff's Amended Complaint alleges that these incidents occurred in December 2014, but the court infers from the factual allegations regarding the Franklin County arrest that the arrest by Chambers County officers occurred in 2015.

4

district court may join a person to an action when the person seeking joinder asserts a right to relief jointly, severally, or in the alternative with the party who filed the action, that right to relief arises from the same underlying transaction or series of transactions, and the claims have a common factual or legal basis." *Swan*, 293 F.3d at 1253 (citing Fed. R. Civ. P. 20(a)).

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III. Analysis

The court will first address whether Plaintiff has misjoined the claims between the Defendants and, if so, what the appropriate remedy is for his misjoinder. Then, the court will address the motions to dismiss filed by the Defendants appropriately before this court.

### A. Plaintiff's Claims are Due to be Severed Into Four Actions

Defendant Andy Gunter asserts that the claims against Food Giant and he are misjoined to the other claims in this action. (Doc. # 15 at 5-15). This motion presents an even larger issue: whether all the claims are misjoined to the extent Plaintiff asserts that the four separate arrests and prosecutions constitute a series of transactions or occurrences. (*See, e.g.*, Doc. # 34 at 1).

A party seeking joinder under Rule 20 must establish two conditions: (1) a right to relief arising out of the same transactions or occurrences, or series of transactions or occurrences, and (2) some questions of law or fact common to all parties being joined. *Burchfield v. Indus. Chems., Inc.*, 2012 WL 5872808, at *7 (N.D. Ala. Nov. 16, 2012). Courts use the logical

relationship test to determine whether joined claims arise from the same series of transactions or occurrences. *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010). Factors that can be considered to determine the logical relatedness of claims include (1) whether the conduct at issue occurred during the same general time period, (2) whether it involved the same individuals, (3) whether it involved similar conduct, and (4) whether the claims implicate the same broader policies or systems of decisionmaking. *Lozada*, 2010 WL 3487952, at *2.

After careful review, the court concludes that Plaintiff's claims arising from the four separate arrests and prosecutions do not have a logical relationship to each other. While the arrests were based on similar charges, "each arrest was a distinct occurrence on a specific date," and each involved a different store operated or managed by different people, a different law enforcement agency and investigating officer, and distinct conduct. *See Lozada*, 2010 WL 3487952, at *3-4 (determining that false arrest and malicious prosecution claims by fifteen plaintiffs against the same law enforcement officer were misjoined because the arrests involved distinct factual circumstances). Plaintiff has not claimed that the four separate arrests by different law enforcement agencies implicated the same policies or systems of decisionmaking. *Cf. id.* (severing the plaintiffs' claims against a law enforcement officer even though the plaintiffs presented a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Accordingly, the court finds that Plaintiff's arrests were not part of the same series of transactions or occurrences. In addition, judicial economy is not served by joining Plaintiff's claims because the claims related to each arrest involve different investigations by the stores,

different investigations by law enforcement officials, different arrests, and different state court criminal actions. *Cf. Barber*, 289 F.R.D. at 368-69 (severing claims based on fifteen different mortgages because judicial economy was not served by joinder). Therefore, Plaintiff's claims related to each arrest should be heard in a separate action.

Having found misjoinder, the court now must determine the appropriate remedy. The court can order one of two remedies: (1) dropping parties on such terms as are just, or (2) severing the plaintiff's claims and proceeding with them separately. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). "When a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." *Id.* "But when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Id.* (citations omitted). Because the choice of remedy can affect a plaintiff's ability to obtain relief, "a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." *Id.* at 846. Here, Plaintiff avers that a dismissal of severed claims would prejudice him because of the two-year limitations period for many of his claims. (*See* Doc. # 34 at 6-7). Based on Plaintiff's averment of prejudice, the court will sever this action into four separate actions.

Plaintiff's claims against Defendants Johnson's Giant Foods and Thompson shall proceed in this action. His claims against Defendants Gateway Foods and Lowery shall proceed in a separate action in this district. And, his claims against Defendants JTM Corporation and Hinkle

shall proceed in a separate action in this district.[2] For the reasons explained below, his claims against Defendants Food Giant and Gunter shall be severed into a separate action and transferred to the Middle District of Alabama.

### B. Plaintiff's Claims Against Defendants Food Giant and Gunter are Due to be Transferred to the Middle District of Alabama

Defendant Gunter argues that the claims against Food Giant and he should be dismissed for improper venue. (Doc. # 15 at 10-15). Plaintiff responds that venue is proper in this district because he was arrested in the Northern District of Alabama, and the arrest was a substantial part of the events giving rise to his claims. (Doc. # 34 at 7).

Under 28 U.S.C. § 1391(b)(2), a judicial district is an appropriate venue for an action if a substantial part of the events or omissions giving rise to the claims in the action occurred in the district. "Courts applying this statute look first at what events give rise to the claim." *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1308 (N.D. Ala. 2003). "Only the events that directly give rise to a claim are relevant." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). Section 1391(b)(2) has been interpreted to require a court to focus on the actions of the defendant, not of the plaintiff. *Gaines, Emhof, Metzler & Kriner v. Nisberg*, 843 F. Supp. 851, 854 (W.D.N.Y. 1994).

Plaintiff's Amended Complaint does not assert that Food Giant or Gunter committed any conduct in the Northern District of Alabama. (*See* Doc. # 44 at ¶¶ 21-25). While Plaintiff was arrested in the Northern District, Plaintiff has not filed suit against any officer who arrested him in Hoover. Plaintiff argues that Gunter knowingly directed his conduct towards the Northern District because he listed a Hoover address on an arrest warrant. (*See, e.g.*, Doc. # 34 at 11).

---

[2] However, before the court will entertain new, separate actions against Defendants Gateway Foods, Lowery, JTM Corporation, and Hinkle, Plaintiff must file new complaints and pay the accompanying filing fees. Plaintiff's new complaints must comply with the instructions in the order accompanying this opinion.

Nevertheless, Plaintiff does not contest that Gunter requested and obtained the arrest warrant in the Middle District, and he does not identify any act Gunter committed in the Northern District to effectuate the warrant. *Cf. Jenkins Brick*, 321 F.3d at 1372 (concluding that the acts giving rise to a breach-of-contract action occurred in Georgia because the contract was presented in Georgia, executed in Georgia, and intended to be performed in Georgia). Because Plaintiff has identified no conduct by Defendants Food Giant or Gunter in the Northern District that directly gave rise to his claims against them, this court is not the proper venue for Plaintiff's action against them under Section 1391(b)(2).³ In light of the statute of limitations concerns identified by Plaintiff, the court will transfer the action against Defendants Food Giant and Gunter to the Southern Division of the Middle District of Alabama. 28 U.S.C. § 1406(a).

### C. Plaintiff Shall Amend His Complaint to Cure Its Deficiencies and Violations of the Federal Rules of Civil Procedure

Throughout their motions, Defendants argue that the court should dismiss some or all of the claims in Plaintiff's Amended Complaint for failure to state a claim. (*See, e.g.*, Docs. # 15 at 15-18; 20 at 7-8; 28 at 3-11). Defendants Hinkle and Thompson also request qualified immunity and state agent immunity. (*See* Docs. # 20 at 8-11; 28 at 11-13). In response, Plaintiff concedes that some of his claims fail to state a claim for relief against at least some of the Defendants. (*See, e.g.*, Doc. # 52 at 3 (conceding that Plaintiff cannot bring a claim against Defendant Thompson under the FCRA or FDCPA); 53 at 4 (conceding that the Amended Complaint does not present a conspiracy that violates 42 U.S.C. §§ 1985 or 1986); 56 at 1 (conceding that

---

³ The court questions whether the Northern District is the appropriate venue for Plaintiff's action against Defendants JTM Corporation and Hinkle. By all accounts, most of the conduct committed by these Defendants occurred in the Middle District. Nevertheless, the Amended Complaint suggests that a Chambers County employee transferred Plaintiff from a jail in the Northern District to a jail in the Middle District. (*See* Doc. # 44 at ¶ 34). And, neither JTM Corporation nor Hinkle has moved to dismiss or transfer the action for improper venue, although Hinkle has noted that the action against him should be dismissed on venue grounds if Chambers County officers did not take Plaintiff into custody in Franklin County. (*See generally* Docs. # 19; 20 at 2 n. 1; 50). Plaintiff's Second Amended Complaint shall indicate who transferred Plaintiff from Franklin County Jail to a jail in Chambers County in December 2015, if that information is available.

Plaintiff has failed to allege that Defendant JTM Corporation was a debt collector under the FDCPA); 56 at 9 (conceding that Plaintiff has failed to present an adequate abuse of process claim)). Plaintiff's responses also contain new factual allegations about Defendants' conduct that appear nowhere in the Amended Complaint. (*See, e.g.*, Docs. # 37 at 5 (asserting that Defendant Hinkle knew of fingerprint and video evidence but failed to consider it); 37 at 6 (claiming that Defendant Hinkle arrested Plaintiff in Franklin County and transported him to Chambers County); 37 at 6-7 (asserting that Hinkle prepared an arrest warrant against Plaintiff); 52 at 2 (alleging that Defendant Thompson knew of available fingerprint and video evidence but failed to use it); 52 at 4 (claiming that Thompson prepared an arrest warrant for an employee of Johnson's Giant Foods)). Plaintiff requests leave to amend his complaint. (*See, e.g.*, Doc. # 53 at 4).

The amendment of pleadings (such as Plaintiff's Amended Complaint) is governed by Rule 15 of the Federal Rules of Civil Procedure. The rule provides that a party may amend its pleading once as a matter of course if it does so within twenty-one days of serving it or within twenty-one days after being served with a response to the pleading. Fed. R. Civ. P. 15(a)(1). If, as in this case, a party already has amended its pleading as a matter of course, the party may only amend its pleading "with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Courts are directed to "freely give leave when justice so requires." *Id*.

Here, the court concludes that justice requires granting Plaintiff another opportunity to amend the complaint. As it stands, the Amended Complaint wholly fails to state each claim against Defendants in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Amended Complaint inexplicably presents four Alabama tort claims (false imprisonment, malicious prosecution, abuse of process,

and negligence) in a single paragraph. (Doc. # 44 at ¶ 6). Moreover, the Amended Complaint fails to identify which Defendant(s) are liable for each claim presented. And, Defendants Hinkle and Thompson would be entitled to qualified immunity based on the Amended Complaint because it identifies almost no conduct committed by Hinkle or Thompson. (*See id.* at ¶¶ 19, 35 (alleging that Thompson investigated a complaint against Plaintiff in Etowah County and that Hinkle arrested Plaintiff in connection with a complaint in Chambers County). The case cannot go forward on the pleadings as they stand.

Nevertheless, Plaintiff has admitted that certain theories of relief do not apply to certain (or possibly all) Defendants. Plaintiff has referred to additional facts that, if properly presented, could support one or more of his tort claims. These statements, in addition to Rule 15's admonition to "freely give leave when justice so requires," convince the court that Plaintiff should be granted leave to amend his complaint. But, to be clear, Plaintiff must use this opportunity to properly evaluate his claims, narrow the claims as appropriate, and ensure that all claims in the amended pleadings are legally and factually sound.

## IV. Conclusion

For the reasons stated above, the court will sever (1) the claims against Defendants Johnson's Giant Foods and Thompson, (2) the claims against Defendants Food Giant and Gunter, (3) the claims against Defendants Gateway Foods and Lowery, and (4) the claims against Defendants JTM Corporation and Hinkle into four separate actions. With regard to Defendants' motions;

1. Defendant Gunter's Motion to Drop Parties, or in the Alternative, to Sever and Dismiss or to Transfer (Doc. # 15) is due to be granted in part. Plaintiff's action against Defendants Gunter and Food Giant is due to be transferred to the Southern Division of the Middle District of Alabama.

2. The Motions to Dismiss filed by Defendants Hinkle, Thompson, Lowery, and JTM Corporation are due to be denied without prejudice. Plaintiff shall be required to amend the complaints against these Defendants within 21 days to comply with the Federal Rules of Civil Procedure.

3. The court will not rule on Defendant Food Giant's Partial Motion to Dismiss because the case against it is due to be transferred. The court believes it more appropriate for the transferee court to decide whether any claims should be dismissed.

An order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 17, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE